# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of:** | : | **MISCELLANEOUS CASE** |
| | : | |
| **SEIZURE OF A GLOCK INC., MODEL 27,** | : | No. 25-MC-_____ |
| **.40 CALIBER PISTOL, BEARING SERIAL** | : | |
| **NUMBER ACXT489; TEN (10) ROUNDS OF** | : | |
| **ASSORTED .40 CALIBER AMMUNITION;** | : | |
| **THIRTY-TWO (32) ROUNDS OF MAGTECH** | : | |
| **.40 CALIBER AMMUNITION; AND** | : | |
| **EIGHT (8) ROUNDS OF MAGTECH .40** | : | |
| **CALIBER AMMUNITION.** | : | |

## ORDER GRANTING EXTENSION OF TIME

AND NOW, this _____ day of December, 2025, upon consideration of the government's motion pursuant to 18 U.S.C. § 983(a)(3) to extend for 90 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property, and, for the reasons set forth in the motion, the Court finds that, for good cause shown, the motion is GRANTED. The time period within which the government must obtain an indictment or file a complaint in this matter is extended to March 29, 2026.

_____
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In the Matter of:** | : | MISCELLANEOUS CASE |
| | : | |
| **SEIZURE OF FORTY (40) ROUNDS** | : | |
| **OF 9MM FEDERAL AMMUNITION;** | : | |
| **SEVENTEEN (17) ROUNDS OF** | : | |
| **ASSORTED 9MM AMMUNITION;** | : | |
| **GLOCK INC., MODEL 43, 9MM** | : | |
| **SEMI-AUTOMATIC PISTOL,** | : | |
| **BEARING SERIAL NUMBER AFYY076;** | : | |
| **AND THIRTEEN (13) ROUNDS OF** | : | |
| **ASSORTED 9MM AMMUNITION.** | : | |

**MOTION OF UNITED STATES OF AMERICA
FOR EXTENSION OF TIME TO OBTAIN INDICTMENT
OR FILE CIVIL FORFEITURE COMPLAINT**

Pursuant to 18 U.S.C. § 983(a)(3), the United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Matthew T. Newcomer, Assistant United States Attorney, Deputy Chief, Economic Crimes / Asset Recovery and Financial Litigation, and J. Andrew Jenemann, Assistant United States Attorney, respectfully moves for entry of an order to extend for 90 days the period of time to obtain an indictment or file a complaint seeking forfeiture of the above-listed property. In support of this motion, the government avers as follows:

1.      On December 1, 2024, Philadelphia Police officers ("officers") responded to the area of the 2100 block of South 9th Street, in Philadelphia, Pennsylvania for a report of a person with a gun. Upon arriving officers located an individual suffering from a gunshot wound.

2.      A short time later, other officers responded to the area of the 2100 block of North Marshall Street, in Philadelphia, Pennsylvania for a report of a vehicle on fire.

Officers determined this vehicle was a gray Dodge Charger, which matched the description of the vehicle that fled from the aforementioned shooting and was reported stolen prior.

3. During this investigation, Philadelphia Police detectives executed multiple search warrants which revealed four cell phone numbers that were in the area of both the shooting and car fire. One of the numbers was attributed to an individual later identified as Khari Murphy. Further investigation showed Khari Murphy was a wanted fugitive.

4. On May 28, 2025, United States Marshals ("USMS") and the Philadelphia Homicide Fugitive Squad arrested Khari Murphy at 4350 Ridge Road, in Trainer, Delaware County, in the Eastern District of Pennsylvania.

5. On May 28, 2025, members of the Alcohol, Tobacco, Firearms and Explosives ("ATF") and Pennsylvania State Police ("PSP") executed a state court issued search warrant at 4350 Ridge Road, Trainer, Pennsylvania.

6. While executing the search warrant, ATF and PSP located an individual later identified as China Little, who remained at the residence during the execution of the search warrant.

7. During the search of the residence, ATF and PSP members recovered a Glock, model 27, .40 caliber pistol, bearing serial number ACTX489, loaded with ten (10) live rounds in the closet of the primary bedroom; thirty-two (32) rounds of Magtech .40 caliber ammunition located in the 2nd floor middle bedroom; and eight (8) live rounds of .40 caliber ammunition from a Glock box located on the third floor of the residence (collectively the Seized Firearm and Ammunition).

8. As required by law, on or about June 26, 2025, the ATF provided direct, written notice to Chine Little of its intent to administratively forfeit the Seized Firearm and

Ammunition by delivering to her at her last known address a copy of the notice of seizure and advising her of her right to file a claim in this matter.

9. On or about August 12, 2025, China Little filed with the ATF both a claim and a petition for remission seeking to contest the forfeiture of the Seized Firearm and Ammunition.

10. On or about September 30, 2025, China Little filed with the ATF both a corrected claim and corrected petition for remission seeking to contest the forfeiture of the Seized Firearm and Ammunition.

11. To date, no other party has filed a claim or petition for remission with the ATF to contest the forfeiture of the Seized Firearm and Ammunition.

12. The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, *et seq*. provides that, within 90 days after a claim for the return of property is filed, the government must obtain an indictment listing the seized property as being subject to forfeiture and take other steps necessary to preserve the seized property, file a civil complaint for forfeiture of the seized property, or obtain a court order extending the time period for good cause shown or upon agreement of the parties, as provided under federal law. *See* 18 U.S.C. § 983(a)(3)(A) and (B).  Also, if the government does not obtain an indictment listing the seized property as being subject to forfeiture, file a civil forfeiture complaint, or obtain an extension of time, the government must release the property and not take any further civil forfeiture action against the property. *See* 18 U.S.C. § 983(a)(3)(B).

13. The government, therefore, is required to obtain an indictment listing the Seized Firearm and Ammunition as being subject to forfeiture, file a civil complaint for forfeiture, or obtain an extension of time in this case, on or before December 29, 2025.

Case 2:25-mc-00069　Document 1　Filed 12/05/25　Page 5 of 7

14. By this motion, the government, pursuant to 18 U.S.C. § 983(a)(3)(A), requests an extension of time of an additional 90 days from the filing deadline to March 29, 2026, to obtain an indictment listing the Seized Firearm and Ammunition as being subject to forfeiture or file a civil complaint for forfeiture in this matter.

15. The government submits that good cause exists to grant relief in this instance. The government requires this additional time to complete its investigation in this matter. The government is continuing to review evidence regarding the Seized Firearm and Ammunition. In addition, the government has provided the Claimant an opportunity to produce records in support of his claim, which the Claimant has not yet provided. The requested extension of time also will enable the government to identify any legal and factual issues involving the seizure and forfeiture of the Seized Firearm and Ammunition and to fully consider the claim for the return of the Seized Firearm and Ammunition.

16. The requested extension of time of 90 days is reasonable and necessary in this instance. This additional time will enable the government, among other things, to locate, obtain, and review records and other evidence to meet its burden to show that the property is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1) (burden of proof on government in a civil forfeiture action to prove by preponderance of evidence that the property is subject to forfeiture); *United States v. Leahy*, 438 F.3d 328, 331-33 (3d Cir. 2006) (amount subject to criminal forfeiture need not be admitted or proved to a jury beyond a reasonable doubt). This will enable the government to conduct a thorough investigation regarding the merits of the claim filed by the Claimant, identify possible defenses to the forfeiture of the property, and determine whether to proceed with further judicial action to forfeit the property.

- 4 -

- 5 -

17. This is the government's first request for extension of time in this matter. Furthermore, the government submits that the requested extension of time is made in good faith and is not intended to unduly delay these proceedings, and this request will not unduly prejudice the Claimant.

WHEREFORE, based on the foregoing, the government requests that this Court grant the motion.

Respectfully submitted,

DAVID METCALF
United States Attorney

MATTHEW T. NEWCOMER
Assistant United States Attorney
Deputy Chief, Economic Crimes
Asset Recovery and Financial Litigation Unit

*/s/ J. Andrew Jenemann*
J. ANDREW JENEMANN
Assistant United States Attorney

Date: December 5, 2025

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA FOR EXTENSION OF TIME TO OBTAIN INDICTMENT OR FILE FORFEITURE COMPLAINT was served on the following by first-class mail, postage prepaid, as follows:

**China Little, pro se**
4350 Ridge Road
Trainer, PA 19061


*/s/ J. Andrew Jenemann*
J. ANDREW JENEMANN
Assistant United States Attorney

Date:  December 5, 2025